UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GENE HINZMAN, JR., | No. 2:20-cv-02280 GGH P |
| Petitioner, | |
| v. | ORDER |
| P. EATON, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the

////

1

petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

In this petition, petitioner appears to present one claim for ineffective assistance of counsel. However, petitioner does not explicitly identify his first claim, nor does petitioner provide supporting facts for his claim. See ECF No. 1 at 5-6. Instead, petitioner refers the court and respondent to an edited copy of the California Court of Appeal, Third Appellate District's opinion filed, for what appears to be to petitioner's direct appeal, as a reference for his claim. Petitioner may not simply refer the court and respondent to a filing from a different court as a presentation of his claims here without further detailing the claims he wishes to present in this action. Petitioner may provide attachments or exhibits as supporting documentation for his claims; however, petitioner must identify each of his claims on the court's form application for writ of habeas corpus.

The petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. Therefore, the petition is dismissed with leave to amend.  Rule 4, Rules Governing Section 2254 Cases.  In the amended petition, petitioner must set forth each claim for relief and summarize the facts he alleges support each of the identified claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis (ECF No. 2);

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

Dated: December 7, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.